IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TYSON LEE STEED,<br><br>Defendant. | ORDER DENYING DEFENDANT'S MOTION TO RECEIVE JAIL CREDIT<br><br><br><br>Case No. 1:04-CR-92 TS |

This matter is before the Court on Defendant's Motion to Receive Jail Credit for time he served in federal custody from the date of his arraignment through the date of sentencing. Whether the Court construes the Motion as one to correct a clerical error under Rule 36 or as a Motion to Vacate Defendant's sentence under §2255, the result is the same. Defendant is effectively requesting that this Court "compute the amount of time" he served in federal custody. The federal judiciary is without jurisdiction to correct such complaints. Credit for time served 'must be made by the Attorney General, through the Bureau of Prisons, after sentencing.'"[1] "It has long been settled that, before a federal

---

[1] *U.S. v. Smith,* 141 Fed.Appx. 767, 768 (10th Cir. 2005) (quoting *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994).

inmate may seek review of complaints relating to aspects of his imprisonment such as computation of his sentence, he must exhaust the administrative remedies."[2]

It is therefore

ORDERED that Defendant's Motion to Receive Jail Credit (Docket No. 37) is DENIED.

DATED  September 25, 2006.

                                      BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] *Sandefur v. Pugh*, 189 F.3d 478 (10th Cir. 1999) (unpublished opinion citing *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986)).